IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 3:18CR26 |
| ) | |
| Plaintiff, ) | JUDGE JAMES G. CARR |
| ) | |
| v. ) | GOVERNMENT'S MOTION IN LIMINE |
| ) | NO. 1 |
| KARL ROGERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, and Tracey Ballard Tangeman and Matthew D. Simko, Assistant U.S. Attorneys, and asks that the Court prohibit the defense from asking questions and/or making arguments at trial calling into question the legality of any search in the case, as those are legal issues for the Court that should be litigated in a pretrial motion and ruling. *United States v. Worthington*, 698 F.2d 820, 823 (6th Cir. 1983) (quoting *Jones v. United States*, 362 U.S. 257, 264, 80 S.Ct. 725, 732 (1960)), overruled on other grounds, *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547 (1980). As the Supreme Court has noted, this rule "is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt." *United States v. Worthington*, 698 F.2d 820, 823 (6th Cir. 1983) (quoting *Jones v. United States*, 362 U.S. 257, 264, 80 S.Ct. 725, 732 (1960)), overruled on other grounds, *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547 (1980). Likewise, the Sixth Circuit in *Worthington*

recognized that doing so prevents "interrupt[ing] the course of the trial," which in turn, "impedes the momentum of the main proceeding and breaks the continuity of the jury's attention." *Id.* at 823 (full citation omitted).

Under Evid.R. 403, the Court may also exclude evidence, even if relevant, "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *See also, e.g., Cooper v. Montgomery Cty., Ohio*, No. 3:13 C 272, 2018 WL 272523, at *3 (S.D. Ohio Jan. 2, 2018) (granting defendant's motion to exclude evidence of dismissed claims as irrelevant and presenting substantial danger of unfair prejudice). The government would submit that questions or arguments that invite the jurors to consider legal issues beyond their province, like suppression issues, would only confuse the issues, mislead jurors, cause undue delay, and/or waste time.

For all of those reasons, the government respectfully requests that the Court grant the government's motion in limine.

                                                    Respectfully submitted,

                                                    JUSTIN E. HERDMAN
                                                    UNITED STATES ATTORNEY

                                                    /s/ *Tracey Ballard Tangeman*
                                                    /s/ *Matthew D. Simko*
                                                    Tracey Ballard Tangeman (0069495)
                                                    Matthew D. Simko (0086787)
                                                    Assistant United States Attorneys
                                                    Four Seagate, Suite 308
                                                    Toledo, OH 43604
                                                    Phone: (419) 259-6376
                                                    Fax: (419) 259-6360
                                                    Email:  Tracey.Tangeman@usdoj.gov
                                                                Matthew.Simko@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. All other parties, including a pro se defendant, will be mailed a copy via regular U.S. mail.

/s/ *Tracey Ballard Tangeman*
Tracey Ballard Tangeman
Assistant United States Attorney