IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  3:18-CR-26 |
|  | ) |  |
| Plaintiff, | ) | HON. JUDGE JAMES G. CARR |
| v. | ) |  |
|  | ) | **JOINT PROPOSED JURY INSTRUCTIONS** |
| KARL J. ROGERS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

NOW COMES the Plaintiff United States of America and Defendant KARL J. ROGERS,

(collectively, the "Parties"), by and through their undersigned counsel, who respectfully submit

the following Joint Proposed Jury Instructions in this matter.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney
By: */s/  Tracey Ballard Tangeman*
*/s/ Matthew D. Simko*
Tracey Ballard Tangeman (Reg. No. 0069495)
Matthew D. Simko (Reg. No. 0086787)
Assistant United States Attorneys
Four Seagate, Suite 308
Toledo, OH 43604
(419) 259-6376
(419) 259-6360 (facsimile)
Tracey.Tangeman@usdoj.gov
Matthew.Simko@usdoj.gov

By: */s/  Reese M. Wineman*
Reese M. Wineman (Reg. No. 0032268)
6 West Main Street
Norwalk, OH 44857
(419) 668-6840
(419) 668-7720 (facsimile)
reesewineman@live.com
Attorney for Defendant Karl J. Rogers

1

## CRIMINAL JURY INSTRUCTIONS

### Introduction

These are initial instructions to help you understand the dispute between the parties, your duties as jurors, the evidence you will hear and see, and the law applicable to the charge in this case.

The instructions can be divided into two parts: general principles applicable to all criminal trials and specific instructions about the charge in this case and what the government must prove.

You have copies of the instructions to read as I read the instructions orally.

Do not read ahead, as you must listen carefully to everything I say. You can write on the instructions if you wish.

Although it is my intent that these initial instructions be complete, except with regard to some additional instructions relating to your deliberations, the final instructions that I give you may vary somewhat from these instructions.

If so, those final instructions are to control your deliberations.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 1.01.]

**Juror's Duties**

It is for you to determine whether the government has proved its charge against the defendant beyond a reasonable doubt.

You are to decide whether it has done so only on the basis of the testimony – the answers the witnesses give in response to questions asked of them – you heard in this courtroom and the exhibits and stipulations introduced during the trial.

You must apply the instructions and the law as I give them to you. This is so, even if you personally disagree with an instruction or legal doctrine. Personal beliefs can play no role whatsoever in your decisions.

The lawyers may discuss the law during their opening statements and closing arguments. If what they say about the law differs from what I say, you must follow what I say.  What I say about the law controls.

All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 1.02.]

**Note Taking/Transcripts**

You are welcome to make whatever use you wish of these materials. You are not required to take notes, but for many people, including myself – as I will be doing on my computer here on the bench – doing so helps the memory and recollection.

You may refer to your notes during deliberations. But do not let the juror or jurors who may appear to have taken the "best" notes control your discussion or decision. Each of you must reach a determination based on your own understanding of the evidence in light of the law that I have given you, and, as well, on the understanding of the evidence and views of your fellow jurors.

Transcripts will not be available for your consideration during deliberations. Your only chance to learn what the witnesses have to say will be as they are on the stand. So pay careful attention to everything that happens during the presentation of evidence.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 8.10, 2015 Edition.]

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant has pled not guilty to the crime charged in the indictment.  An indictment is not evidence; it is simply the formal notice to the defendant of the charge against him. The mere fact of an indictment cannot create in your minds even the slightest suspicion of guilt.

The government has the burden to prove the charge against the defendant beyond a reasonable doubt.

The defendant has no burden, or obligation, to prove anything at all. He is presumed innocent. This presumption of innocence stays with him until and unless you have unanimously found, solely on the basis of the evidence and law, that the government has met its burden of proving the defendant guilty beyond a reasonable doubt.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.

Proof beyond a reasonable doubt does not mean proof to an absolute certainty or all possible doubt.  Possible doubts or doubts based only on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

 If the government fails to meet its burden of proof, you must return a verdict of not guilty. This is so, even if you "think" or "feel" that the defendant may be guilty. If you only think or feel he may be guilty of a charge, the government has not met its burden of proof.

If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, return a verdict of guilty.  Otherwise you must return a verdict of not guilty. If you find that the evidence in this case could reasonably support either of two conclusions – one of guilt, the other of non-guilt – you must return a verdict of not guilty.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 1.03.]

### "Evidence;" Objections

You must make your decision only on the evidence.

The "evidence" includes the testimony you hear from the witnesses in court and exhibits the parties introduce into evidence and which you will have with you in the jury room.

Do not let anything else influence your decision in any way. Nothing else is evidence.

Sometimes the lawyers will object to questions, answers, or exhibits because they believe the law does not permit you to hear, see, or consider the particular question, answer, or exhibit.

If a lawyer objects, do not hold that against the lawyer or his or her client. The lawyer is simply trying to make sure the law is followed and the trial is fair.

If I sustain an objection, you must disregard the question, answer, or exhibit entirely. Do not wonder why the objection was made, why I ruled as I did, or what you might have learned had I not sustained the objection.

Likewise, do not speculate about what a witness who was not called to testify might have said, or what else a witness who did testify might have said, had he or she been asked additional questions.

Something that you did not hear or see, were not permitted by me to hear or see, or that I told you to disregard is not evidence.

Lawyers' statements, objections, and arguments are not evidence.

The lawyers' questions are not evidence: the evidence is, rather, what the witnesses say in response to the lawyers' questions.

Questions I ask of witnesses are not evidence: the evidence is, rather, what the witnesses say in response to my questions, as it is with regard to the lawyers' questions.

My legal rulings are not evidence. They are simply rulings on the law that you must accept and follow.

Base your verdict only on the evidence as I have defined it here and nothing else.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 1.04 and 1.09.]

### Direct and Circumstantial Evidence

Evidence consists generally of two types: "direct" evidence and "circumstantial" evidence.

You can consider each type of evidence.

Direct evidence is simply evidence – like the testimony of an eyewitness – which, if you believe it, directly proves a fact. A witness's statement that he saw rain is direct evidence that it was raining, and you could find that it was raining if you believed the witness's statement.

Circumstantial evidence indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is for you to decide how much weight to give the evidence.  The law makes no distinction between the weight you should or can give to either one, nor is one any better evidence than the other.

You are to consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 1.06.]

**Opinion Testimony**

Ordinarily, a witness cannot give his or her opinion; instead, a witness can only testify about facts within his or her personal knowledge.

Under some circumstances, a witness who has special knowledge, training, or experience beyond that usually possessed by jurors can present opinion testimony.

You do not have to accept opinion testimony or find it conclusive as to the particular subject matter.

In deciding what weight to give to opinion testimony, consider how well qualified the witness was to give the opinion and the basis on which he or she reached the opinion.

In addition, apply the same considerations you apply to the testimony of other witnesses in determining how credible they are and how much weight to give to their testimony.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 7.03.]

**Credibility of Witnesses**

You alone decide how credible or believable each witness is, and how much weight to give the testimony of each of the witnesses.  You can believe everything that a witness said, or only part of it, or none of it at all.  But you must act reasonably and carefully in making these decisions.

Some of the things you may consider in evaluating the credibility and weight of a witness's testimony are:

Was the witness able to see and hear clearly, or was the witness's ability to see and hear impaired. Was there anything that may have affected the witness's ability to perceive or remember what he or she tells you.

How good the witness's memory seemed to be: was the witness able to remember accurately what happened.

How did the witness act while testifying. Did he or she look like he or she was testifying truthfully.

Did the witness have any relationship to the government or the defendant or anything or anyone, or anything to gain or lose from the case, that might influence his or her testimony.

Did the witness have any bias, prejudice, or other reason for testifying that might cause the witness to testify untruthfully.

Did the witness at any time – whether during his or her testimony or at some other time or times, say or do something different from or inconsistent with his or her testimony.

How believable was the witness's testimony in light of all the other evidence: was the witness's testimony supported or contradicted by other evidence you found believable. If contradicted, what was the reason for the contradictions.

11

These are among the things you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability.

In deciding which witnesses to believe and how much weight to give to their evidence, use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 1.07 and 1.05.]

**Number of Witnesses**

Do not make any decisions based only on the number of witnesses who testified about a particular fact or circumstance. What is more important is how believable the witnesses are, and how much weight you think their testimony deserves.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 1.08.]

**Questions by Jurors**

You may not ask questions of the witnesses during the trial.

The lawyers are responsible for the questions and answers that you hear, just as they are responsible for deciding which evidence they choose to offer. They are familiar with the law and rules of evidence, and their decisions as to which questions to ask and exhibits to introduce are made in the context of that knowledge.

It is not part of your function or duties to develop evidence, which is what you would be doing if you could ask questions. You are the triers of the facts, not the developers of the facts.

For this reason, you are not permitted to ask questions during the trial.


[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 8.01.]

**Outside Sources**

You cannot try to find out information from other sources, such as dictionaries, books, news accounts (though there won't be any of those, in all likelihood), from the internet, social media, or otherwise from anyone or anywhere else other than the courtroom.

This is so for at least three reasons.

First, through the rules of evidence, the law controls what jurors can learn. This is so, so that, to the maximum extent possible, what you learn is likely to be reliable and accurate.

Second, the lawyers and parties are entitled to be aware of everything that you will be considering when you deliberate on and reach your verdict.

If you could look for information outside the courtroom, the lawyers and defendant would have no way of knowing what you might have learned. They could not respond to or comment on it. They could not call your attention to reasons for you to disregard such information.

Moreover, for you to learn and consider something from outside the evidence, you would deprive the defendant of his constitutional right to confront the witnesses against him.

Third, I would not be able to tell you what you can and cannot consider, which is one of my most fundamental duties as a judge.

You must follow my instructions as to what you can and cannot consider. Failure to do so would violate your oath and deprive the parties of the fair trial to which they are entitled.

[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 8.02.]

**Court's Rulings and Other Actions**

Nothing I will say or do during the trial will be meant to influence your decision in any way.

Do not interpret my rulings on the lawyers' objections as any indication of how I think you should decide the case. I will base my rulings on the law and rules of evidence, not on how I feel about the case.

Likewise, do not speculate on what I think the outcome should be.

My views are not evidence, and, to the extent that you think I have any view or opinion, you must disregard those thoughts entirely.

We each have separate duties in a trial.

It is your duty – and yours alone – to decide the facts and determine whether the government has proved the defendant guilty beyond a reasonable doubt.


[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 8.09, 2015 Edition.]

**General Instructions Concluded**

This completes the instructions as to your general duties. I will now instruct you on the elements of the crime that the defendant is accused of committing.

The defendant is only on trial for the crime charged in the indictment.

Your job is limited to deciding whether the government has proven beyond a reasonable doubt that the defendant is guilty of the crime charged in the indictment.


[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 2.01.]

**Elements of Offense – Receipt and Distribution of Child Pornography**
**18. U.S.C. §2252(a)(2)**

(1)  Defendant KARL J. ROGERS is charged with one count of receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(2).  Title 18, United States Code, Section 2252(a)(2), makes it a Federal crime or offense for any person to knowingly receive or distribute, by using a means or facility of interstate or foreign commerce, any visual depiction, if the production of such visual depiction involved the use of a real minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

(2)  The defendant can be found guilty of that offense only if all of the following elements are proved beyond a reasonable doubt:

(A)  First:    That the defendant knowingly received or distributed a visual depiction;

(B)  Second:  That the production of the visual depiction involved the use of a real minor engaging in sexually explicit conduct;

(C)  Third:    That the visual depiction was of a minor engaging in sexually explicit conduct;

(D)  Fourth:   That the defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

(E)  Fifth:    That such visual depiction was received or distributed using a means or facility of interstate or foreign commerce, including a computer.

18

(3)  Now I will give you more detailed instructions on some of these terms.

(A)  The government must prove that the defendant received or distributed the depiction **"knowingly."**  An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

(B)  To **"receive"** a visual depiction means to take possession of it.  This includes the knowing acceptance of a depiction previously requested.  Receiving includes the downloading of a photograph or video by means of the Internet.

(C)  To **"distribute"** a visual depiction means to knowingly deliver, transfer, disperse, or dispense the depiction to another person.  Distribution includes knowingly allowing electronic access to a visual depiction stored on one's computer and then downloaded by another person. This definition includes posting the depiction on a website for public viewing, or downloading an image or video from the defendant by another person by means of the Internet.  It does not include the mere solicitation of such material.

(D)  The term **"computer"** means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

(E)  The term **"means or facility of interstate commerce"** includes the internet or the telephone.

(F)  A **"visual depiction"** includes any photograph, image, film, video or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image, whether or not stored in permanent format.

(G)  The term **"minor"** means any person under the age of eighteen (18) years.

(H)  The term **"sexually explicit conduct"** means actual or simulated:

    (I)      sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

    (II)      bestiality;

    (III)      masturbation;

    (IV)      sadistic or masochistic abuse; or

    (V)      lascivious exhibition of the genitals or pubic area of any person.

(4)  The government is not required to prove that the defendant was involved in any way in the production of the visual depictions, or that he viewed the visual depictions.

(5)  The government is not required to prove that the defendant knew that a means or facility of interstate commerce had been or would be used when he received or distributed the visual depictions.

[Sixth Circuit Pattern Jury Instruction 16.05; see also, U.S.S.G. § 2G2.2, Application Note 1, regarding definition of "distribution"; see also, Modern Federal Jury Instructions-Criminal 62-15, regarding definition of "distributing", see also, United States v. Shaffer, 472 F.3d 1219 (10th Cir. 2007), see also, United States v. Feola, 420 U.S. 671, 676-677, 95 S.Ct. 1255 (1975), reference paragraphs (4) and (5) above.]

**Lascivious Exhibition - Defined**

(1)  Not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a picture or image of the genitals or pubic area constitutes such a lascivious exhibition requires a consideration of the overall content of the material.  It is for you to decide the weight or lack of weight to be given to any of the following factors.

(2)  You may consider such factors as:

(A) whether the focal point of the picture or image is on the child's genitals or pubic area:

(B) whether the setting of the picture or image is sexually suggestive, that is, in a place or pose generally associated with sexual activity;

(C) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor;

(D) whether the child is fully or partially clothed, or nude;

(E) whether the picture or image suggests sexual coyness or a willingness to engage in sexual activity; and

(F) whether the picture or image is intended or designed to elicit a sexual response in the viewer.

(3)  Of course, this list is not exhaustive, and an image need not satisfy any single factor to be deemed lascivious.  Instead, you must determine whether the visual depiction is lascivious based on its overall content.  It is for you to decide the weight or lack of weight to be given any of these factors.

Sixth Circuit Pattern Jury Instruction 16.05.

**"Minor" Stipulation**

As mentioned previously, the government must prove that the pornographic images in this case depicted real children under the age of 18 years.  The parties have stipulated to this element that indeed the minors depicted in the images and videos are actual persons under the age of 18 years old at the time of their creation.   Accordingly, you must accept the stipulation as evidence, and regard that fact as proven for both counts.   The government need not present any other testimony or evidence regarding that element.

### Inferring Required Mental State

Ordinarily, there is no way that a defendant's mental state can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.

This, of course, is all for you to decide.


[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 2.08.]

**On or About**

Finally, a word about the dates mentioned in the indictment.

The indictment charges that the crime happened from "on or about" October 7, 2017 to "on or about" December 13, 2017.  The government does not have to prove that the crime happened on those exact dates.  But the government must prove that the crime happened reasonably close to those dates.


[Wording used by Judge Carr in previous jury instructions that he requested be used, consistent with Sixth Circuit Pattern Instruction 2.04.]

**Defendant's Election Not to Testify or Present Evidence**

(1) A defendant has an absolute right not to testify [or present evidence].  The fact that he did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)  Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.


Sixth Circuit Pattern Jury Instruction 7.02A.

**Defendant's Testimony[1]**

(1)  You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2)  You should consider those same things in evaluating the defendant's testimony.


Sixth Circuit Pattern Jury Instruction 7.02B.

---

[1] This instruction is obviously subject to the defendant's choice either to testify or not testify, and will be modified accordingly.

**Summaries and Other Materials Not Admitted in Evidence**

During the trial you have seen counsel use summaries, charts, drawing, calculations or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any acts.


Sixth Circuit Pattern Crim. Jury Instruction 7.12.

**Other Acts Evidence[2]**

(1) You have heard testimony that the defendant committed acts other than the ones charged in the indictment.  If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, opportunity, plan, knowledge, identity, absence of mistake, absence of accident.  You must not consider it for any other purpose.

(2) Remember that the defendant is on trial here only for receipt or distribution of child pornography, not for the other acts.  Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instruction 7.13.

---

[2] This instruction may not be necessary but is included in the event that it is.

**Character and Reputation Evidence of Defendant[3]**

You have heard testimony about the defendant's good character.  You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

Sixth Circuit Pattern Instruction 7.09

---

[3] This is included because defense counsel indicated in the final pretrial conference on Feb. 20, 2019 that it intended to put on character witnesses in its case-in-chief.

**<u>Deliberations and Verdict</u>**

**Introduction**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  That should stay secret until you are finished.


Sixth Circuit Pattern Jury Instruction 8.01 (modified).

### Experiments, Research, Investigation and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Sixth Circuit Pattern Jury Instruction 8.02.

**Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

Sixth Circuit Pattern Jury Instruction 8.03.

**Unanimity Not Required – Means**

One more point about the requirement that your verdict must be unanimous.  The indictment accuses the defendant of committing the crime of receipt <u>and</u> distribution of child pornography.

The government does not have to prove that the defendant both received and distributed child pornography for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt of either way is enough.  In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

Sixth Circuit Pattern Jury Instruction 8.03(B).

## Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instruction 8.04.

**Punishment**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instruction 8.05.

**Verdict Form**

I have prepared verdict forms that you should use to record your verdict.  Each form reads as follows: _____.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms.  Each of you should then sign the forms, put the date on them, and return them to me.

Sixth Circuit Pattern Jury Instruction 8.06.

**Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.


Sixth Circuit Pattern Jury Instruction 8.09, 2015 Edition.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  3:18-CR-26 |
|  | ) |  |
| Plaintiff, | ) | HON. JUDGE JAMES G. CARR |
| v. | ) |  |
|  | ) | **VERDICT FORM:** |
| KARL J. ROGERS, | ) | **Count 1 – Receipt & Distribution of Child** |
|  | ) | **Pornography** |
| Defendant. | ) |  |
|  | ) |  |

We, the jury in this case, having been duly impaneled and sworn, do hereby find the defendant, KARL J. ROGERS, as follows:

On **Count 1** of the Indictment (Receipt & Distribution of Child Pornography):

(Please circle "GUILTY" or "NOT GUILTY" below to signify your unanimous verdict.)

**GUILTY**                                        **NOT GUILTY**

1._____          7._____
    FOREPERSON

2._____          8._____

3._____          9._____

4._____          10._____

5._____          11._____

39

6._____    12._____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2019, a copy of the foregoing Proposed Jury Instructions were filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt.  All other parties will be served by regular U.S. mail.