IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:18CR26 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S MOTION IN LIMINE |
| KARL ROGERS, | ) | NO. 2 |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Assistant United States Attorneys Tracey Ballard Tangeman and Matthew D. Simko, and hereby requests that the Court limit Defendant's character evidence to opinion testimony about his reputation regarding a pertinent trait, and prohibit him altogether from introducing evidence, eliciting testimony, or making arguments about his out-of-court exculpatory statements, or any penalties if convicted, for the reasons in the attached memorandum.

                              Respectfully submitted,

                              JUSTIN E. HERDMAN
                              UNITED STATES ATTORNEY

By:   /s/ *Tracey Ballard Tangeman*
       /s/ *Matthew D. Simko*
       Tracey Ballard Tangeman (0069495)
       Matthew D. Simko (0086787)
       Assistant United States Attorneys
       Four Seagate, Suite 308
       Toledo, OH 43604
       Phone: (419) 259-6376
       Fax: (419) 259-6360
       Email:  Tracey.Tangeman@usdoj.gov
                  Matthew.Simko@usdoj.gov

MEMORANDUM

I. **Defendant's Character Evidence, if any, Should be Limited to Opinion Testimony Only Concerning Defendant's Reputation as to a Pertinent Character Trait and Should Not Include Any Specific Instances of "Good" Conduct.**

During the final pretrial conference, defense counsel advised that it intended to introduce character evidence in the form of witnesses who would testify that the defendant 'is not addicted to the kind of behavior alleged'—i.e. character evidence would be used to show that the defendant did not receive child pornography.

While a criminal defendant may offer evidence of a pertinent character trait under Fed.R. Evid. 404(a)(1) in support of a claim that he did not commit the crime, it must be in the form of opinion testimony (only), as to the defendant's reputation about a pertinent character trait (i.e. one that is relevant to the offense charged). United States v. John, 309 F.3d 298, 303 (5th Cir. 2002); Fed.R.Evid. 405 (the prosecution, on the other hand, may rebut such testimony by cross-examining about specific instances of conduct); see also, Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213 (1948). That is, Defendant is not permitted to prove the pertinent character trait by introducing specific instances of past honest or good conduct. United States v. Crockett, 586 F.Supp.2d 877, 884 (E.D. Mich. 2008); United States v. Dimora, 750 F.3d 619 (6th Cir. 2014). Likewise, prior "good acts" generally may not be used to show a predisposition *not* to commit crimes. Id. In other words, a defendant cannot call "a string of witnesses to testify that [he] had never abused them or anyone they knew," as it constitutes "specific acts of conduct (or lack thereof)." Alvelo v. State, 769 So.2d 476, 477 (Fla. 5th DCA 2000).

Although the Advisory Committee Notes to Fed.R.Evid. 608 state that character evidence should be limited to "character for veracity, rather than allowing evidence as to character generally" in order "to sharpen relevancy, [and] to reduce surprise, waste of time, and

confusion..." (id., citing McCormack § 44), the Fifth Circuit held that Rule 608 limiting character evidence to the trait of truthfulness applies only to a witness's credibility. See United States v. Yarbrough, 527 F.3d 1092, 1101 n. 5 (10th Cir. 2008); United States v. De Leon, 728 F.3d 500, 505 (5th Cir. 2013) ("[E]vidence of the defendant's character as a law-abiding citizen is always relevant"); see also, United States v. Matthews, 440 F.3d 818, 825 (6th Cir. 2006), abrogated on other grounds by United States v. Sandoval, 460 F.Appx 552 (6th Cir. 2012) (Witness' testimony that defendant is a good person and that the witness was unaware of the defendant engaging in any illegal activities was permissible); United States v. Green, 305 F.3d 422, 431 (6th Cir. 2002) (testimony that witnesses believed defendant to be a good man and law-abiding citizen was permissible).

What is "pertinent" will vary according to the nature of the case, but there is a split among courts, albeit no Sixth Circuit decisions were found on the issue, regarding whether a defendant accused of a sex crime against a child may introduce character evidence of his reputation for sexual morality or normalcy to show that he lacks the character trait necessary to commit the offense. Alvelo, supra, at 477 (not admissible because "[u]nlike one's reputation for honesty or peacefulness, traits that might be noticed by the community, whether one secretly molests children or does not would not be openly exhibited to the community."). Id. at 477; Russ v. State, 934 So.2d 527, 532 (Fla. 3d DCA 2006) and Hendricks v. State, 34 So.3d 819, 822–23 (Fla. Dist. Ct. App. 2010), abrogated on other grounds by Monier v. Jones, slip op. 2018 WL 7108015 (N.D.Fla., Nov. 26, 2018) (where the courts in those cases, in dicta, relied on Alvelo in rejecting this evidence, stating that it was "inherently unreliable," unlike other reputation testimony, due to the secretive nature of sex crimes against children.); compare with State v. Walker, No. M2005-00165-CCA-R3CD, 2006 WL 3313651, at *18 (Tenn. Crim. App.

Nov. 15, 2006) (defendant's character with children was deemed pertinent, though exclusion was harmless); John, supra, at 302-303 (opinion/reputation testimony about sexual morality was admissible to show that defendant did not engage in sexual conduct with the child victim in a case that "hinged entirely on credibility" and lacked any corroborating witnesses or evidence supporting the child's accusations); Wheeler v. State, 67 S.W.3d 879, 882-83 (Tex.Crim.App. 2002) (evidence of defendant's "good character (or propensity) for moral and safe relations with small children or young girls" admissible); People v. McAlpin, 812 P.2d 563, 576-78 (1991) (Trial court erred in excluding evidence of defendant's reputation for "normalcy in his sexual tastes" but failure to do so was harmless). However, none of the cases admitting that character evidence involved a child pornography offense that is proven through digital forensics (versus he-said-she-said testimony in those cases) and none addressed the reasoning in Alvelo.

Furthermore, "to the extent a defendant offers one-sided testimony about his lifestyle in order to create a "character mosaic" designed to give the jury the impression that he is (or was) not likely to have committed the crime alleged, he has also opened the door to the other side eliciting testimony that tends to dispel the mosaic." Fannon v. Johnston, 88 F.Supp.2d 753, 763 (E.D. Mich. 2000) (quoting United States v. Giese, 597 F.2d 1170, 1189–90 (9th Cir. 1979)) (defendant's testimony as to the types of books he sold and read to indicate peaceful propensity where the case involved a violent conspiracy opened the door to prosecution's questioning of his other literary tastes), relying on Michelson, supra, at 213 (providing extensive discussion of the use of character evidence). Thus, to be clear, if character witnesses for Defendant testify as to their opinions about his reputation for sexual normalcy or lack of addiction to child pornography, the government would then be free to ask them on cross-examination if they were aware that Defendant kept child pornography, children's underwear, and "fleshlights" (sex toys) in locked

safes in his master bedroom, that he had videos saved on his computer about how to groom a child for sexual abuse, and that he admitted to law enforcement that he had not only been viewing child pornography for years, but that he was even addicted to it.  See e.g., Green, supra, at 431 (In addition, "[i]f direct testimony is addressed to community reputation, inquiry may be made about conduct, and even about charges, which may have come to the attention of the relevant community.") (quoting United States v. Curtis, 644 F.2d 263, 268 (3rd Cir. 1981)).

## II.   Defendant Should Not Be Permitted to Present His Own Self-Serving Exculpatory Statements, Whether Through Witnesses or Other Means.

It is well-settled that a defendant cannot seek to introduce his out-of-court exculpatory statements.  United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996).  "[D]uring direct examination, the government could [introduce] inculpatory statements made by [the Defendant].  The Rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party."  Id.  Thus, the government is permitted to introduce Defendant's statements against him as non-hearsay admissions of a party-opponent under Fed.R.Evid. 801(d)(2), in which case it would introduce only the portions of Defendant's statements that are admissible under that hearsay exception, and redact the remaining exculpatory portions.  See Gallagher, 57 Fed.App'x 622, 626 (6th Cir. 2003) (Court upheld parsing of Defendant's statement to exclude self-serving exculpatory portions that related to Defendant's entrapment defense).  In other words, Defendant is not permitted to introduce his own out-of-court exculpatory statements under those same rules.

To the extent Defendant may seek to have the additional portions of the interview entered into evidence pursuant to Fed.R.Evid. 106, and the general rule of "completeness" does not override the prohibition from admitting self-serving, exculpatory statements.  Id. at 628-29.  The "completeness doctrine embodied in Rule 106 should not be used to make something admissible

that would otherwise be excluded." Id., quoting Trepel v. Roadway Express, Inc., 194 F.3d 708, 718 (6th Cir. 1999); see also United States v. Costner, 684 F.2d 370, 373 (6th Cir. 1982). Thus, even with the rule of completeness, Defendant's out-of-court self-serving statements are inadmissible.

### III.  Defendant Should be Prohibited from Presenting Evidence and/or Argument Concerning His Potential Sentence If Convicted.

The government moves this Court to preclude Defendant from introducing evidence, making argument, or otherwise mentioning the potential penalties Defendant faces if convicted, which include a mandatory minimum 5 years and up to 20 years in prison, as well as designation as a sex offender. Juries that have no sentencing function should not be invited to consider the possible penalties a Defendant faces. Shannon v. United States, 114 S. Ct. 2419, 2424 (1994) (quoting United States v. Rogers, 422 U.S. 35, 40 (1975)) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"). The Sixth Circuit has routinely upheld exclusion of such evidence and argument. See United States v. Bender, 265 F.3d 464, 472 (6th Cir. 2001) (mandatory statutory minimum excluded); United States v. Johnson, 62 F.3d 849, 850-51 (6th Cir. 1995) (jury does not have sentencing function even in cases of statutory mandatory terms and thus, should not be informed of possible punishments). In fact, Sixth Circuit Pattern Jury Instruction 8.05 warns juries not to "even consider the possible punishment in deciding [their] verdict." Thus, Defendant should not be allowed to disclose or reference them at trial.

### CONCLUSION

For those reasons, the Court should limit Defendant's character evidence to only opinion testimony about his reputation regarding a pertinent trait and prohibit him altogether from eliciting his out-of-court exculpatory statements and mentioning the potential penalties if he is convicted.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        UNITED STATES ATTORNEY

By:   /s/ *Tracey Ballard Tangeman*
      /s/ *Matthew D. Simko*
      Tracey Ballard Tangeman (0069495)
      Matthew D. Simko (0086787)
      Assistant United States Attorneys
      Four Seagate, Suite 308
      Toledo, OH 43604
      Phone: (419) 259-6376
      Fax: (419) 259-6360
      Email:  Tracey.Tangeman@usdoj.gov
              Matthew.Simko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

        /s/ *Tracey Ballard Tangeman*
        Tracey Ballard Tangeman
        Assistant United States Attorney