IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  3:18CR26 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | **GOVERNMENT'S RESPONSE IN** |
| | ) | **OPPOSITION TO DEFENDANT'S** |
| KARL ROGERS, | ) | **SECOND MOTION TO CONTINUE** |
| | ) | **SENTENCING** |
| Defendant. | ) | |
| | ) | |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, and Tracey Ballard Tangeman and Matthew D. Simko, Assistant U.S. Attorneys, and hereby objects to the defendant's request to continue sentencing a second time.

While the government does not typically object to motions to continue, a jury found the defendant guilty more than 6 months ago (March 6, 2019) of Receipt of Child Pornography, carrying a mandatory minimum 60-month prison term, in a case in which he was arrested immediately following execution of a search warrant on his residence that resulted in a massive amount of child pornography being found on 14 different electronic devices, as well as young girls' underwear (and sex toys) in his bedroom that he admitted he masturbated to, and even videos about how to groom a child for sexual abuse.  The then 33-year-old defendant, who refused to take a polygraph concerning hands-on conduct involving minors, advised agents that he needed child pornography like an addict needs heroin and admitted that he has been viewing it

1

since high school (i.e. more than a decade).

In addition, his collection totaled 4,063 images and 2,168 videos, of which the National Center for Missing and Exploited Children was able to identify 2,324 image files, 360 video files, and a staggering 228 different series of child pornography victims, including the worst of the worst in existence:  penetrative sex acts and sadism committed on infants, toddlers, and prepubescent children, some of whom can be seen crying out in pain.  However, there were also several encrypted containers on the defendant's Dell laptop that he admitted he kept child pornography in and that the examiner was never able to get into, despite the fact that the defendant gave investigators the passcodes.  Thus, there is evidence that the defendant's collection was even *larger* than the above numbers and that he was even more tech-savvy—or simply dishonest—than he lead on in the interview, which is yet another concern that the government has with him remaining out and under the supervision of others much less tech-savvy than him.  Given the ease and affordability of acquiring a smart phone and the ubiquitous nature of Wifi connections in restaurants, bars, internet cafes, and libraries, the defendant could very easily access child pornography again, unbeknownst to pretrial services, or his family and friends whom the defendant deceived during his decade-long child pornography activity before his conviction.

In light of all of those facts, the government requested that the defendant be remanded into custody after the guilty verdict, with the Court advising that it would not be available for sentencing until late August.  The government's request was denied.  Sentencing was originally set for August 26, 2019, but was continued at the request of the defense due to defense counsel being ill.[1]  Three weeks later, defense counsel is still ill—so ill that he was, at one time, in the

---

[1] It should be noted that defense counsel is retained in this case.

2

ICU—and is now requesting another continuance of 60 days until late November.[2]  If granted, that means that the sentencing would be delayed *at least* 90 days past the original August sentencing date and *nine months* after the jury's guilty verdict—possibly longer if the Court is not available in late November with the Thanksgiving holiday.

Therefore, while the prosecution is sympathetic to defense counsel's recent health issues, it has always been, and it continues to be, the government's position that the defendant should not be permitted to remain out of custody while under conviction for a child exploitation offense, facing a mandatory prison term, and in the face of evidence that he received child pornography, admitted that he was addicted to it, and had videos about how to groom a child for sexual abuse, all while being tech-savvy enough to deceive those closest to him, including investigators whom he prevented from accessing his encrypted partitions on his computer.

<u>CONCLUSION</u>

For all of those reasons, it is the government's position that sentencing should not be delayed again and certainly not until November.  However, if the Court is inclined to grant the instant motion, the government would ask that it remand the defendant into custody pending sentencing in order to ensure the safety of the community—namely, minors online or those whom the defendant may come into contact with in public, even if inadvertently—during which time the defendant will receive, by law, jail time credit that would not, in any event, exceed the mandatory minimum prison term in this case.

---

[2] In addition, the Judge who presided over the trial in this case lives out of state and thus, sentencing would have to be scheduled during a time when he will be back in Ohio, which is typically only one week per month.

Respectfully submitted,

JUSTIN E. HERDMAN
UNITED STATES ATTORNEY


/s/ *Tracey Ballard Tangeman*
/s/ *Matthew D. Simko*
Tracey Ballard Tangeman (0069495)
Matthew D. Simko (0086787)
Assistant United States Attorneys
Four Seagate, Suite 308
Toledo, OH 43604
Phone: (419) 259-6376
Fax: (419) 259-6360
Email:  Tracey.Tangeman@usdoj.gov
           Matthew.Simko@usdoj.gov


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  All other parties, including a pro se defendant, will be mailed a copy via regular U.S. mail.


/s/ *Tracey Ballard Tangeman*
Tracey Ballard Tangeman
Assistant United States Attorney

4