IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | : |
|     Plaintiff(s), | :   Case No. 3:18CR00026 |
| vs. | :   James G. Carr |
| | :   United States District Court Senior Judge |
| Karl J. Rogers, | : |
|     Defendant. | : |

## DEFENDANT, KARL J. ROGERS', SENTENCING MEMORANDUM

NOW COMES the Defendant, Karl J. Rogers, by and through Counsel, Reese M. Wineman, and hereby respectfully submits his timely filed Sentencing Memorandum and additional materials to be considered at the time of sentencing in support of a sentence that is "sufficient, but not greater than necessary" to serve the purposes of sentencing based upon 18 U.S.C. § § 3553(a)(2) and 3661 factors, in an effort to rehabilitate the offender. Specifically, Mr. Rogers requests a sentence of sixty (60) months, the mandatory minimum in this case. This sentence reflects the nature and circumstances of Mr. Rogers' offense and his history and characteristics, and particularly, the fact that he has no prior criminal record.

Respectfully submitted,

*Russell V. Leff for Reese Wineman*
\# 0026024

REESE M. WINEMAN (#0032268)
Attorney for the Defendant, Karl J. Rogers
6 West Main Street
Norwalk, Ohio 44857
(419) 668-6840 (O) (419) 668-7720 (F)
E-mail: reesewineman@live.com

## MEMORANDUM

### A. Introduction

A jury convicted the Defendant in this matter, Karl J. Rogers, charged one count of receipt (but no distribution or production) of child pornography. Mr. Rogers is subject to a mandatory minimum sentence of sixty (60) months.

Even though Karl Rogers is a Criminal History Category 1, the advisory guideline range is unreasonably high, at 135 to 168 months of imprisonment, due to the much-criticized enhancements of U.S.S.G § 2G2.2. Counsel for the Defendant sets out several objections to the calculation of the guideline range below. The correct guideline range is 51 to 63 months with an Offense Level 24 and a criminal History Category I. Should the Court find that the applicable guideline range is above the mandatory minimum, the Defendant, Karl J. Rogers, respectfully requests that this Court vary downward to sixty (60) months based upon 18 U.S.C. § § 3553(a)(2) and 3661 factors.

### B. Advisory Sentencing Guidelines – Offense Level

The legal objections to the § 2G2.2 enhancements are well known to this Court. Counsel for the Defendant hereby objects to: (1) the two level enhancement under § 2G2.2(b)(2) based on the material involving prepubescent minors (PSR ¶ 52), (2) the two level enhancement under § 2G2.2(b)(6) for the use of the computer (PSR ¶ 54), (3) the five level enhancement under § 2G2.2(b)(7)(D) for the number of images (PSR ¶ 55). Judge Zouhary, in a case very similar to this, has succinctly written on why each of these enhancements should not be applied. *United States v. Hennessey*, 3:15-CR-131, Dkt. 25: Order Guidelines Range. See also, *United States v. Miehls*, 3:17-CR-262, Dkt. 15: Order Guidelines Range.

As to the enhancement for prepubescent minors: "Underage children are an inherent component of the underlying crime, and the fact that a defendant acquires images of prepubescent children in a collection should not be surprising." *Hennessey, supra,* at page 2-3. Additionally, this cannot be seen as an aggravating factor because the enhancement applies to almost all child pornography cases. Similarly, the fact that the defendant used a computer is not an aggravating factor. This enhancement is "like penalizing speeding, but then adding an extra penalty if a car is involved." *Id.* at page 3. Lastly, the number of images enhancement fails to "appreciate the case with which an individual can accumulate images with today's digital technology." *Id.* at page 4. This enhancement applies to almost all cases and "the majority of defendants receive the highest possible enhancement." *Id. See also Untied States v. Jenkins,* 854 F.3d 181, 188 (2nd Cir. 2017) (four of the § 2G2.2 enhancements applied "run of the mill' and 'all but inherent to the crime of conviction'").

Because these enhancements apply in almost every case they do not represent aggravating factors. Further, the fact that the offense involves prepubescent minors is inherent in the offense itself and cannot be considered an aggravating factor. For these reasons, Counsel for the Defendant requests this Court refuse to apply these sentencing enhancements. Without these various enhancements, Mr. Rogers' Guideline range would be 51 to 63 months (offense level 24, Criminal History Category 1).

**C.    A Sentence that is Sufficient but Not Greater than Necessary**

Somewhat counter-intuitively, Congress has dictated that a "crime of violence" includes "any felony under chapter . . . 110." 18 U.S.C. 3156(a)(4)(C); United States v. Mellies, 496 F. Supp. 2d 930, 932-33 (M.D. Tenn. 2007). Somewhat counter-intuitively, Congress has included receipt, as opposed to production, of child pornography among its list of crimes of violence. 18 U.S.C. ch. 110. Even so, the government forthrightly acknowledges, "receipt of child

pornography" is not considered to be a crime of violence in other contexts." (Doc. 49, pg. ID #365).

While this Court must still correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007), it may not treat that range as mandatory or presumptive, *id.* at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but must treat it as "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *id.* at 49-50, and explain how the facts relate to the purposes of sentencing. *Id.* at 53-60; *Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id.* at 101; *Pepper*, 131 S. Ct. at 1242-43.

A key component of Supreme Court law, designed to ensure that the guidelines are truly advisory and constitutional, is the authority of this Court to disagree with a guideline as a matter of policy. Because "the Guidelines are now advisory . . . , as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 552 U.S. at 101-02 (internal punctuation omitted) (citing *Rita v. United States*, 551 U.S. 338, 351 (2007) (district courts may find that the "Guidelines sentence itself fails properly to reflect § 3553(a) considerations"). As the Supreme Court held in *Kimbrough*, because "the cocaine Guidelines, like all other Guidelines, are advisory only," it "would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough*, 552 U.S. at 91, 109-10; see also *Spears v. United States*, 555 U.S. 261, 267 (2009) ("[D]istrict courts are entitled to vary from the

crack cocaine guidelines in a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range.").

Congressionally directed guidelines are just as advisory as any other guideline and therefore equally subject to policy-based variances. In *Vazquez v. United States*, 130 S. Ct. 1135 (2010), the Supreme Court remanded for reconsideration in light of then-Solicitor General Kagan's position that "all guidelines," including congressionally-directed guidelines, "are advisory, and the very essence of an advisory guideline is that a sentencing court may, subject to appellate review for reasonableness, disagree with the guideline in imposing sentencing under Section 3553(a)." U.S. Br. At 11, *Vazquez v. United States*, No. 09-5370 (Nov. 2009). As the Sixth Circuit has previously recognized, "*all* of the sentencing guidelines are advisory," including those directed by Congress. *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009) (emphasis in original). Congressional directives "tell[] the Sentencing Commission, not the courts, what to do," and "a directive that the Commission specify a particular Guidelines range is not a mandate that sentencing courts stay within it." *Id.* at 328.

This Court may thus properly find that the child pornography guideline was not developed by the Commission in its characteristic institutional role of basing its determinations on empirical data and national experience, *see Kimbrough*, 552 U.S. at 109-10, consistent with the Supreme Court's repeated recognition that when a guideline was not developed by the Commission based on empirical data of past sentencing practices and national sentencing experience, it is not likely that the guideline "reflect[s] a rough approximation of sentences that might achieve § 3553(a)'s objectives," and that a policy-based variance from such a guideline is not subject to "closer review" and is "not suspect." *See Kimbrough*, 552 U.S. at 109-10; *Spears*, 555 U.S. at 264; *Rita*, 551 U.S. at 348, 349-50.

In fashioning a sentence, the Court is to impose the lowest sentence necessary to achieve the four statutory purposes of sentencing: justice; deterrence; incapacitation; and rehabilitation. 18 U.S.C. § 3553(a)(2); *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). For the reasons detailed below, a sentence of sixty (60) months is sufficient but not greater than necessary to achieve those goals.

### 1. The History and Characteristics of the Defendant, Karl J. Rogers

The State has failed to, in any way, indicate that the Defendant, through past conduct, is, in fact, a threat to the community. The Defendant has led a law abiding life for the vast majority of his adult years, with no prior criminal history, was honorably discharged from the U.S. Marine Corps on October 25th, 2013, after entering active service in October of 2009 and receiving numerous awards, i.e., Certificate of Commendation, February 19, 2013; Appointment as Corporal of Marines, June 1, 2012; Meritorious Mast to Lance Corporal Karl J. Rogers, by officer in Charge, Mojave Viper Support Detachment, Camp Wilson, T. A. Green Colonel, U.S. Marine Corps, for outstanding service, June 1, 2011; Certificate to LCpl. Karl J. Rogers, Green Belt in the Marine Corps Martial Arts Program, February 25, 2011; Letter of Appreciation, August 9, 2010; Meritorious Mast to Private First Class Karl J. Rogers, Redstone Arsenal, AL, for outstanding service, April 14, 2010; Certificate of Distinguished Graduate for Ammunition Basic's Course, April 14, 2010; US Army Ordnance, Munitions and Electronics Maintenance School, Distinguished Graduate, Ammunition Technician (USMC) Course, April 14, 2010; Certificate of Training to PFC Karl J. Rogers, from The Department of the Army, Defense Ammunition Center, McAlester, OK, Naval Motor Vehicle & Railcar Inspection, 5 Apr-8 Apr 2010; Appointment as a Lance Corporal (Meritoriously) in the United States Marine Corps, April 2, 2010; and, Certificate of Completion of Marine Combat Training, March 2, 2010 (documents of which were previously filed with this Court on August 16, 2019, and incorporated herein by

reference); had been gainfully employed with Wheeling and Lake Erie Railway for fourteen (14) years until time of arrest on December 12, 2017, with leave of absence for period of Military Service; and, in no way, demonstrated any proclivity towards violence, even based upon the testimony adduced at Trial in this matter.

In addition, the State has failed, in any way, to demonstrate that the Defendant is a risk to flee. The Defendant's entire significant contacts are with the State of Ohio, where his family resides; and, there has been no demonstration of any contacts with foreign nations, either, financially or emotionally. Any allegations that the Defendant would attempt to view child pornography in a public place, as alleged in a prior Motion of the Government, is completely without substance, based upon all of the evidence and testimony produced at Trial.

Since his arrest, Mr. Rogers has begun meeting with missionaries from the Church of Jesus Christ of Latter Day Saints. He has acknowledged personal responsibility for his offending behavior and no longer engages in that behavior, and is undergoing mental health/sexual abuse counseling.

2. **Need for Sentence Imposed to Reflect Seriousness of Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public from Further Crimes.**

The guidelines range would result in a sentence of imprisonment much longer than necessary. Undersigned Counsel asserts that, based upon the state of the record, which the Court has, clearly, recognized, and, specifically, the testimony of the Defendant, himself, admitting to the status of being addicted to child pornography, as well as the confession given, which included a recognition of that long-standing addiction, the Trial Court had more than sufficient evidence to recognize the exceptional circumstances in the case before the Court.

The exceptional circumstances of the Defendant's recognition and acceptance of his condition, along with the finding that the family support would be needed for ongoing treatment,

and the recognition that family support existed, based upon the fact that, both, the father and brother of the Defendant, appeared and testified, were, certainly, reasons demonstrating exceptional circumstances; and, a keen understanding of the root causes of addiction and the recognition that avoidance, even for a period of ten (10) plus years, are symptoms of that addiction, is significant. In addition, the Defendant had been on Pre-Trial Release for several months prior to his Trial (nearly twenty (21) months as of this date); and, there has been no indication given that he has been, in any way, uncooperative or did not comply with the requirements of the Pre-Trial Detention Officer in charge, who is also in receipt of Mr. Rogers' progress in his counseling treatment with Firelands Counseling Services in Norwalk, Ohio.

### 3. A term of supervised release and SORNA registration will provide adequate deterrence and punishment.

Lengthy sentences of incarceration do not deter crime. Here, the high sentencing range will not serve as a deterrent to other offenders; rather, the certainty that law enforcement will catch such acts is the most powerful deterrent. This certainty of being caught has already been provided to others by the investigation, arrest, and conviction of the Defendant in this matter, Karl J. Rogers. The more such arrests and convictions take place, the greater the deterrent effect for this type of crime. Therefore, this Court need not impose a lengthy sentence on Mr. Rogers in order to provide general deterrence to this type of offense.

A long prison sentence is also unnecessary because a term of supervised release combined with SORNA registration will serve as an adequate deterrence and punishment for Karl J. Rogers following incarceration. Registration under SORNA severely restricts employment and housing options, making public this conviction and all future residences. Supervised release conditions place substantial limitations on nearly every aspect of his life, and will continue to serve the need for punishment. See *Gall v. United States*, 552 U.S. 38, 44

(2007). Specifically, this Court may impose supervised release restrictions on Mr. Rogers: associations; residence, including views from his residence; employment; volunteer work; church or recreational activity; travel; computer use; polygraph testing; random searches of his computer and residence; and drug testing. Thus, deterrence and punishment will be most efficiently met by the term of supervised release and SORNA registration.

**D.     Placement in the Bureau of Prisons**

Counsel for the Defendant, Karl J. Rogers, respectfully requests this Court to recommend that Mr. Rogers serve his sentence in the Bureau of Prisons close to Toledo, Ohio, as he would like to remain as close to family as possible so they can continue to come and visit him.

**E.     Request for 12-Months in Half-Way House at End of Sentence**

Counsel for the Defendant, Karl J. Rogers, respectfully requests this Court to recommend that Mr. Rogers serve twelve (12) months in a half-way house at the end of his incarceration term, pursuant to the Second Chance Act, codified at 18 U.S.C. § 3624. The Second Chance Act increased the potential length of time a federal inmate can be placed in a half-way house from six (6) months to twelve (12) months. See 18 U.S.C. 3624©(1). Though this Court can only make a recommendation for twelve (12) months of half-way house placement, the Bureau of Prisons will, typically, honor a Court's recommendation. Mr. Rogers would greatly benefit from the additional resources available during twelve (12) months of half-way house placement (as opposed to just six (6) months) as he transitions from incarceration back into society.

**F.     Restitution**

The government has stated that Mr. Rogers failed to disclose his gun collection. Karl Rogers was required to get rid of his firearms when he was put on pretrial release, and, especially, after he was convicted. The government was aware of the firearms which were found

when the home was searched. The subject firearms are available to be viewed at his parents' home. Mr. Rogers believes that no individual firearm is worth $500.00.

G.  **Conclusion**

Counsel for the Defendant, Karl J. Rogers, respectfully asks for a sentence of sixty (60) months based upon the previously discussed factors as summarized below:

1. Psychological evaluation concludes there is minimal risk associated with Mr. Rogers;

2. The Sexual Offender Registration Notification Act and a term of supervised release, with the attendant restrictions on housing, employment, and other activities, will serve the needs of punishment well beyond any term of incarceration;

3. A downward variance is warranted because the child pornography guidelines result in a sentencing range far higher than for violent crimes, such as rape.

Based upon all of the foregoing, the Defendant respectfully requests that this Court consider the aforementioned factors into consideration during sentencing in this matter.

Respectfully submitted,

_____
Reese M. Wineman (0032268)

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2019, a copy of the foregoing instrument was filed electronically with the District Court's electronic filing system wherein all parties may access it.

_____
Reese M. Wineman (0032268)