```
 1                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF OHIO
 2                        WESTERN DIVISION

 3   UNITED STATES OF AMERICA,        Docket No. 3:18CR26

 4             Plaintiffs,        Toledo, Ohio

 5             v.                      January 22, 2019

 6   KARL J. ROGERS,

 7             Defendant.

 8   -----------------------------

 9              TRANSCRIPT OF PHONE CONFERENCE
             BEFORE THE HONORABLE JAMES G. CARR
10                UNITED STATES DISTRICT JUDGE

11

12   APPEARANCES:

13   For the Plaintiffs:   Tracey Ballard Tangeman
                           Matthew D. Simko
14                         Office of the U.S. Attorney
                           Four SeaGate, Suite 308
15                         Toledo, Ohio 43604
                           (419) 242-5675
16

17   For the Defendant:
                           Reese M. Wineman
18                         6 West Main Street
                           Norwalk, Ohio 44857
19                         (419) 668-6840

20

21   Court Reporter:      Angela D. Nixon, RMR, CRR
                           1716 Spielbusch Avenue
22                         Toledo, Ohio 43624
                           (419) 260-5259

23

24   Proceedings recorded by mechanical stenography, transcript

25   produced by computer-aided transcription.
```

1          MR. WINEMAN:  Reese Wineman for the defendant.

2          MR. SIMKO:  Matt Simko, attorney for the

3    government.

4          THE COURT:  Anybody else?

5          COURTROOM DEPUTY:  Just the court reporter,

6    Judge.

7          THE COURT:  Okay.  And is it Stacey or --

8          COURTROOM DEPUTY:  It's Angela.

9          THE COURT:  I'm not going to take the next 45

10   minutes to tell you, coming to Albany airport at 6:15

11   yesterday morning and now just boarding a plane, much

12   delayed plane, earlier than 20 minutes before boarding it.

13          Anyway, two things, I understand that the

14   government's filed a motion in limine to exclude any effort

15   to suggest that there was a Fourth Amendment violation in

16   the course of the search of the computer and so forth.

17   I've got a real problem with that.  If there's -- if it's

18   an issue, that should have been raised.  If it's not an

19   issue, then it's not relevant.  I know, Reese, you wanted

20   to make a response, but I'm just trying to cut to the

21   chase, but if you think you can persuade me somehow it's

22   relevant, that's fine.  I'm more than glad to have you give

23   me a brief and go from there.

24          But, you know, to suggest to the jury that

25   something's wrong with the government's conduct is not

1    permissible.  I mean, that's -- in other words, had you

2    filed a motion to suppress, and had it been successful, or,

3    say, partial motion to suppress, well, then you couldn't

4    tell the government -- you couldn't tell the jury, you

5    know, some search was bad, and there's evidence they're not

6    going to get to see because it was bad.  Wouldn't do that

7    and couldn't do it, so I just -- I can't see any basis on

8    what you can say -- suggest to the jury that the government

9    did anything improper.  Your client will describe in a

10   factual basis what they did.  And if the government wants

11   to, I suppose I can simply say that regardless of the

12   defendant's account, the evidence is properly admitted and

13   properly to be considered by you, that in terms of the

14   government's conduct, it does not affect the admissibility

15   of the evidence.  If that's what you are talking about,

16   that he somehow feels aggrieved or insulted by, you know,

17   what was done to him, well, I have no problem with letting

18   him say so, but that can't be suggested as any way of being

19   illegal or in any way affecting the -- the weight and

20   credence of the evidence.

21           MR. WINEMAN:  Yeah, I understand that, Judge.  I

22   was -- I was fortunate you called, I was just preparing a

23   motion to continue the trial to be honest with you.  It's

24   been -- I had a meeting scheduled with the client

25   yesterday, and because of the inclement weather he wasn't

1    able to make it in.

2            THE COURT:  I couldn't hear you.  There's an

3    announcement on the place.  Because of what?

4            MR. WINEMAN:  Yeah, Judge, I had a meeting

5    scheduled with the client yesterday to go over that motion,

6    plus the jury instructions that we got last week, and I was

7    never able to -- he wasn't able to get in because of the

8    weather here.

9            THE COURT:  Yeah.

10           MR. WINEMAN:  And we have not had an opportunity

11   to review the proposed jury instructions by The State, and

12   I was preparing a motion to continue the trial because I

13   believe we need -- we're going to need more time to review

14   some of the documents that we've got from The State and the

15   motions.

16           THE COURT:  When did you -- how much stuff do you

17   have -- first of all, the jury instructions are probably

18   ones that I've given before.  If they're not, then call my

19   office and I'll get the same instructions I gave at the

20   last one of these trials I had, I'll give in this case.  I

21   don't know if the government's cognizance of those or not,

22   but Deanna can send that -- remember that case, Deanna, you

23   can find those instructions and send them.  I can't

24   remember the name, I can't remember who tried it, but, you

25   know, they're retrievable somehow.  So that shouldn't be an

1    issue.

2              And I -- it's pretty much boiler plate standard

3    kind of stuff, but there's nothing -- don't worry about

4    that.  And I also have what I call the wrap around initial,

5    you know, tell them what their duties are and not to go

6    shopping outside the courtroom for information, what

7    evidence credibility is, and I charge them on the elements

8    of offense.

9              MR. WINEMAN:  Right.

10             THE COURT:  And then, you know, given the

11   proposed instruction at the end about deliberation, so

12   that's the way that will work.  But they're very standard,

13   so I wouldn't worry too much.  But what about the

14   discovery, what's the problem with --

15             MR. WINEMAN:  Well, there's another motion that's

16   been filed about the identification by the individual

17   victims.

18             THE COURT:  I couldn't hear you, Reese.

19   Identification of whom?

20             MR. WINEMAN:  A motion -- hold on just a minute,

21   Your Honor.

22             MR. SIMKO:  I think we -- this is Matt Simko for

23   the government.  I think we had suggested a stipulation as

24   to the age of the victims, or in the alternative we were

25   prepared to.

```
 1              THE COURT:  What was the stipulation?

 2              MR. SIMKO:  As to the age of the victims, that

 3   they were minors, otherwise we --

 4              THE COURT:  Okay.

 5              MR. SIMKO:  Otherwise we have people to come in

 6   and testify to that fact, but we were hoping to get a

 7   stipulation.

 8              THE COURT:  Is there a problem with that?  Is

 9   that in dispute?

10              MR. WINEMAN:  Well, Your Honor, I have -- again,

11   because he was unable to come into the office, I have not

12   been able to review that with him.

13              THE COURT:  What else haven't you been able to

14   review?

15              MR. WINEMAN:  Let's see, jury instructions,

16   stipulation and the motion in limine.  And I think that's

17   pretty much it.

18              THE COURT:  Okay.  Well, that -- you know,

19   there's still ten days before trial.  I mean, and

20   there's -- I'm sorry, there's no reason to continue it.

21   The government, I'm sure, has many witnesses from out of

22   town and so forth, and it's prepared.  And it would be one

23   thing if there was this last minute flurry of stuff you

24   needed to -- that they dumped, you know, eight hours worth

25   of videos on you or whatever, but that would be different,
```

1    or tape recordings or anything else of that sort.

2              MR. WINEMAN:  Right.  Okay.

3              THE COURT:  That's not the issue.

4              MR. WINEMAN:  You said about ten days until the

5    trial?

6              THE COURT:  Yeah, I think it's the first full

7    week of February.  And I can't recall when we pick the

8    jury, I think I would expect, candidly -- I assume your

9    client's not likely to testify or whatever testimony he

10   gave would be pretty brief.  And that the government's --

11   hold on one second.  And what's the government's best

12   estimate of how long it's going to take for the case in

13   chief?

14             MR. SIMKO:  I think probably two days.

15             THE COURT:  Okay.  And Deanna, I can't remember

16   the time table.  Is the jury going to be picked by the

17   Magistrate Judge?

18             COURTROOM DEPUTY:  Voir dire is on Friday,

19   February 1st, in front of Magistrate Knepp, and then we

20   start trial on February 5th, Tuesday.

21             THE COURT:  Yeah, good.  The government's case

22   should be -- why don't we just -- I'm not a stop watch,

23   time clock judge, why don't you guys simply make sure we

24   get done by 4:30 on Tuesday, and then, Reese, whatever case

25   you have, put on on Wednesday morning, and I will expect to

1    charge the jury and do closing argument on Wednesday

2    afternoon.  I mean, if that doesn't work for whatever

3    reason, then what I would do is have closing argument --

4    charge the jury and closing argument on Thursday morning.

5    In other words, I don't believe in splitting the two.  I'm

6    not going to give the charge and then have the -- I think

7    it's important, to the extent that I can, I think it's

8    important to have the charge in the -- so I'm being told

9    I've got to turn my stuff off, and that's what I'm doing.

10   And unless there's something else -- if there is, Deanna,

11   have -- talk -- have them talk to me tomorrow, okay?

12              COURTROOM DEPUTY:  Okay, Judge.

13              THE COURT:  And Deanna, if I don't reach -- tell

14   them I'm boarding.  Thanks, folks, that will conclude this

15   proceeding.  If you need to talk to me further, let Deanna

16   know.  I can talk to you tomorrow or later this afternoon.

17                             - - -

18                     C E R T I F I C A T E

19

20            I certify that the foregoing is a correct transcript

21   from the record of proceedings in the above-entitled matter.

22

23   s:/Angela D. Nixon                October 29, 2021

24   ---------------------------                -----------

25   Angela D. Nixon, RMR, CRR         Date